# CIVIL RIGHTS COMPLAINT FORM

FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

Civil DIVISION

FILED BY D.C.

NOV 18 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.

1. WILLIE FRANK DAVIS, et al,
2. a/k/a FAHEEM HANEEF JIHAD,
PLAINTIFF
3. _________________.

(Enter the full name of each plaintiff, plus inmate number (if applicable). Begin the name of each plaintiff on a new line. The entire name of each party should be in capital letters. Descriptive terms such as a party" title or job position should be in normal case.)

vs.

CASE NUMBER: ________________
(To be assigned by Clerk)

1. HERMAN RODGERS, WARDEN, et al,
2. BRADFORD SMITH, SENIOR CHAPLAIN,
DEFENDANTS/RESPONDENTS.
3. _________________.

(Enter the full name of each defendant in the same manner as above. If additional space is required, use the blank area directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I. PLAINTIFFS:

State your full name, inmate number, and full mailing address in the lines below. Include the name of the institution in which you are confined. Do the same for any additional Plaintiffs:

(A) Plaintiff's name: WILLIE FRANK DAVIS a/k/a FAHEEM H. JIHAD

Plaintiff's inmate number: C-865355

Institution or jail: EVERGLADES CORRECTIONAL INST.

Mailing address: 1599 SOUTHWEST 187th AVENUE
MIAMI, FLORIDA 33194

## II. DEFENDANTS:

State the full name of the defendant, official position, mailing address, and place of employment. Do the same for every defendant.

(1) Defendant's name: HERMAN RODGERS

Official position: WARDEN

Mailing address: 1599 SOUTHWEST 187th AVENUE;

Employed at: EVERGLADES CORRECTIONAL INSTITUTION
ZIP CODE: 33194

(2) Defendant's name:

Official position: N/A

Mailing address:

Employed at:

(3) Defendant's name:

Official position: N/A

Mailing address:

Employed at:

ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO DISMISSAL IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes (X) No ( )

[If you answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRES:**

* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance concerning violation of Americans with Disabilities Act (ADA), Grievance involving Admissible Reading Material, Grievance governed by Fla. Admin. Code Rule 33-11.0065 (Incentive Gain Time), Grievance Involving Disciplinary Action.

a. Formal Grievance to Superintendent or to the Office of the Secretary (Form DC1-303)
b. Appeal to the Office of the Secretary (Form DC1-303)

* General Grievance

a. Informal Grievance (Form DC3-005)
b. Formal Grievance (Form DC1-303)
c. Appeal to the Office of the Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance concerning violation of Americans with Disabilities Act (ADA), Grievance involving Admissible Reading Material, Grievance governed by Florida Administrative Code Rule 33-11.0065 (Incentive Gain Time), Grievance involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

a. Did you submit your grievance directly to the Superintendent and/or to the Office of the Secretary (Form DC1-303)?

Yes (X) No ( )
SEE APPENDIX/EXHIBIT ____

b. If so, you must attach a copy of the grievance and response to this complaint form.

c. Were you denied emergency status or otherwise required to first file an informal grievance?

Yes (X) No ( )

d. Did you have a disciplinary hearing concerning this matter?

Yes ( ) No (X) N/A

e. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form. N/A

2. Informal Grievance (Request for Interview)

a. Did you submit an informal grievance (Form DC3-005)?

Yes (X) No ( )

b. If so, you must attach a copy of the grievance and response to this complaint form. SEE APPENDIX/EXHIBIT

3. Formal Grievance (Request for Administrative Remedy or Appeal)

a. Did you submit a formal grievance (Form DC1-303)?

Yes (X) No ( )

b. If so, you must attach a copy of the grievance and response to this complaint form. SEE APPENDIX/EXHIBIT

4. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

a. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? (YES) SEE APPENDIX/EXHIBIT

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes ( ) No (X)

If your answer is YES, answer the following questions.

1. Is there a grievance procedure at your institution or jail?

Yes (X) No ( )

2. Did you present the facts relating to your complaint in the prison grievance procedure?

Yes (X) No ( )

3. If your answer is YES: A-QUESTION!

a. What steps did you take? 1. SUBMITTED EMERGENCY GRIEVANCE 2. APPEAL of EMERGENCY GRIEVANCE

b. What were the results? 3. FILED INFORMAL GRIEVANCE A. FORMAL GRIEVANCE & B. APPEAL

4. If your answer is NO, explain why not: B-QUESTION: 1. ALL GRIEVANCES & Appeals WERE DENIED.

[MEMORANDUM OF LAW/EXHAUSTION/REMEDIES]

IV. PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT WAS FRIVOLOUS, MALICIOUS, OR FAILED TO STATE A CLAIM UPON WHICH RELIEF MIGHT BE GRANTED, UNLESS THE PRISONER WAS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN THE **MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE.** FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A. Have you initiated other actions in **state** court dealing with the same or <u>similar</u> facts or issues as are involved in this action?

Yes ( ) No (X)

B. Have you initiated other actions in **federal** court dealing with the same or <u>similar</u> facts or issues as are involved in this action?

Yes ( ) No (X)

C. If your answer to either (A) or (B) is YES, describe each action in the space provided below. If there was more than one action, describe all additional actions on a separate piece of paper, using the same format as below.

(1) Parties to the previous action: N/A

Plaintiff(s):

Defendant(s):

(2) Court (if federal court, name the district; if state court, name the county):

(3) Docket Number: N/A

(4) Name of the Judge: N/A

(5) Briefly describe the facts and basis of the action: N/A

(6) Disposition (Was the case dismissed: If so, why? Did you appeal? What was the result?) N/A

(7) Approximate filing date: N/A

(8) Approximate disposition date: N/A

D. Have initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment?

Yes (X) No ( )

E. If your answer to (D) is YES, describe each action in the spaces below. Attach additional pages if necessary.

(1) Court (if federal court, name the district; if state, name the county): NORTHERN DISTRICT COURT

(2) Docket Number: (UNKNOWN / LOST RECORDS)

(3) Parties to the previous action:

(a) Plaintiff(s): WARDEN(S)

(b) Defendant(s): SAME

(4) Basis of the action: CAN'T REMEMBER

(5) Is the action still pending?

Yes ( ) No (X) VOLUNTARY DISMISSAL

V. STATEMENT OF THE FACTS:

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how each defendant was involved and what each did or did not do to give rise to your claim. Include the names of persons involved, dates, times, and places. State exactly what happened. **DO NOT make any legal arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed.

THE DEFENDANTS HEREIN DID WILLINGLY, MALICIOUSLY AND WITH ARBITRARY INTENT ISSUED AN ORDER, TO BAN AND PROHIBIT ALL ISLAMIC HALAL ENTREÉS FOR THE RELIGIOUS HOLY DAY(S) FEAST/CELEBRATION OF EID UL'ADHA AT EVERGLADES CORRECTIONAL INSTITUTION ON JUNE 6, 2025 AND JUNE 7, 2025.

THE PLAINTIFF, (AND THE MUSLIM COMMUNITY OF SEVENTY INMATES AT THIS PENAL FACILITY) WAS COMPELLED TO PERFORM THE EID PRAYER ON THE RECREATION YARD (WITHOUT ANY SUPERVISION DUE TO CHAPLAIN BRADFORD SMITH, SENIOR CHAPLAIN FAILURE TO REPORT TO WORK. IN LIGHT OF WARDEN HERMAN RODGERS BAN OF CATERED HALAL ISLAMIC ENTREÉS FOR THE FEAST OF EID UL'ADHA CHAPLAIN BRADFORD SMITH FAILED TO ISSUE AN INTER-OFFICE MEMORANDUM TO THE FOOD SERVICE DIRECTOR FOR AN ACCEPTABLE ALTERNATE RELIGIOUS OF HALAL ISLAMIC STANDARDS. THE PLAINTIFF (AND SIMILAR-SITUATED MUSLIM INMATES) WAS PROHIBITED FROM ADHERING TO AND FOLLOWING THE ISLAMIC/RELIGIOUS RITUALS OF EID UL'ADHA THROUGH THE HOLY PROPHET'S LIFE TRADITIONS AND SUNNAH.

[SEE MEMORANDUM OF LAW]

VI. STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident of issue, they must be addressed in a separate civil right complaint.

1. THIS ACTION IS BROUGHT UNDER 42 U.S.C. § 1983 ACCORDING TO THE CONSTITUTIONAL PROTECTIONS AND STANDARDS OF THE RELIGIOUS LAND USE AND INSTITUTIONAL PERSONS ACT OF 2000 [RLUIPA], 114 STAT. 803, 42 U.S.C. § 2000 cc et seq. 544 U.S. 709, 723 (2005) ALLEGING, SUB JUDICE, THAT THE DEFENDANTS/RESPONDENTS DID WILLINGLY, MALICIOUSLY AND WITH ARBITRARY INTENT DENIED PLAINTIFF (AND THE INCARCERATED INMATE MUSLIM COMMUNITY AT EVERGLADES CORRECTIONAL INSTITUTION THE CONSTITUTIONAL FREEDOMS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION TO FREEDOM OF RELIGION AND THE FREE PRACTICE OF RELIGION.

2. THAT WARDEN HERMAN RODGERS ISSUED AN ORDER TO THE SUBORDINATES (ASSISTANT WARDENS AND CHAPLAIN BRADFORD SMITH, SENIOR CHAPLAIN), TO BAN AND PROHIBIT THE ISLAMIC PRACTICE UNDER THE TRADITIONS AND SUNNAH OF PROPHET MUHAMMED (S.A.S.) TO OBSERVE THE EID UL'ADHA (THE FEAST OF SACRIFICE) THROUGH THE CONSUMPTION OF HALAL RELIGIOUS FOODS, THAT WAS DONATED THROUGH LEGITIMATE PROCEDURES AS CONVEYED TO ALL FLORIDA DEPARTMENT OF CORRECTIONS, "REGIONAL DIRECTORS OF INSTITUTIONS & WARDENS" IN A NOVEMBER 13, 2023 OFFICIAL MEMORANDUM FROM PATRICK MAHONEY, DIRECTOR OF PROGRAMS AND RE-ENTRY AND HOPE GARTMAN, ASSISTANT

STATEMENT SECTION CONTINUED

DEPUTY SECRETARY OF INSTITUTIONS, REGARDING: 'FOOD DONATIONS-REVISED'. [SEE EXHIBIT J IN APPENDIX] THIS PARTICULAR DIRECTIVE FROM WARDEN RODGER HERMAN AND BRADFORD SMITH, SR. CHAPLAIN ESTABLISHED THE CRITERIA FOR "DONATED HALAL FOOD ITEMS FOR THE ISLAMIC/RELIGIOUS HOLY DAY OF EID UL 'ADHA" AND THEREFORE SET THE SCOPE OF THEIR EMPLOYMENT PURSUANT TO RULE 33-503.001 (2)(a) F.A.C. AND RULE 33-503.001(2)(13) F.A.C.

3. WHILE CERTAIN MATTERS WITHIN PENAL FACILITIES ARE DISCRETIONARY, HOWEVER, [RLUIPA] REQUIRES THAT THE DEFENDANTS/RESPONDENTS DEMONSTRATES THE FURTHERANCE OF A COMPELLING INTEREST IN THE BANNING OF A RELIGIOUS PRACTICE AND FREEDOMS OF INSTITUTIONALIZED PERSONS. AT NO STAGE OF THE ADMINISTRATIVE GRIEVANCE(S) AN APPELLATE PROCESS HAS THE DEFENDANTS, SUB JUDICE, ATTEMPTED TO SATISFY THE CONGRESSIONAL REQUIREMENTS ESTABLISHED UNDER [RLUIPA].

4. THE PLAINTIFF, SUB JUDICE, ADOPTS AND INCORPORATES BY REFERENCE, HERETO, THE MEMORANDUM OF LAW AS SUBMITTED IN THIS ACTION.

[SEE MEMORANDUM OF LAW]

VII. RELIEF REQUESTED:

State briefly what relief you seek from this court. Do not make any legal arguments or cite any cases. You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

1. DECLARATORY JUDGMENT OF THE CONSTITUTIONAL DEPRIVATIONS DESCRIBED HEREIN.

2. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO GRANT PLAINTIFF (THE MUSLIM INMATE COMMUNITY THE FREE EXERCISE AND PRACTICE OF THE ISLAMIC FAITH.

3. COMPENSATORY DAMAGES IN THE AMOUNT OF $10,000.00 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

4. PUNITIVE DAMAGES IN THE AMOUNT OF $10.000.00 AGAINST EACH DEFENDANT.

5. PLAINTIFF'S COST OF THIS SUIT/ACTION. [SEE MEMORANDUM OF LAW].

VIII. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Signed this 13th day of November, 2025.

Willie F. Davis

FAHEEM HANEEF JIHAD/WILLIE FRANK DAVIS
EVERGLADES CORRECTIONAL INSTITUTION
1599 SOUTHWEST 187th AVENUE
MIAMI, FLORIDA 33134

(Signature(s) or Plaintiff(s))