**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-25389-GAYLES**

**WILLIE FRANK DAVIS a/k/a**
**FAHEEM HANEEF JIHAD,**

**Plaintiff,**

v.

**HERMAN RODGERS, Warden of Everglades Correctional Institution and BRADFORD SMITH, Chaplain of Everglade Correctional Institution,**

**Defendants.**
_______________________________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** comes before this Court on Defendants' Motion to Dismiss. [ECF No. 20]. Also pending are Plaintiff's Motion for Temporary Restraining Order [ECF No. 16]; Motion of Inquiry Regarding Defense Counsel [ECF No. 27]; and Motion to Accept Opposition to Defendants' Motion to Dismiss as Timely Filed, or in the Alternative, for Leave to File Sur-Reply [ECF No. 32]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons discussed below, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

On November 13, 2025, Plaintiff initiated this action by filing a Complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000 *et seq*., alleging that Warden Herman Rodgers and Senior Chaplain Bradford Smith at the Everglades Correctional Institution gathered a committee of wardens and chaplains and issued an order banning Islamic Halal entrées for religious holy days — including food that was donated from previously-approved organizations. *See* [ECF No. 1 at 7–8]; *see also* [ECF No. 1-1 at 3–4, 7–8]. Plaintiff attached as an exhibit to the Complaint a memorandum from the Deputy

Secretary of Institutions, which Plaintiff claims establishes the criteria for donated items for religious services, as evidence that Warden Rodgers and Chaplain Smith made this determination arbitrarily even though the prison allowed religious food donations. *See id.* at 3, 10; *see also* [ECF No. 1-2 at 20–21].

Plaintiff, who is a practicing Muslim of the Sunni Sect for over four decades, *see* [ECF 1-1 at 2], alleges that Chaplain Smith further failed to instruct the food service director to provide an alternate religious Halal meal for practitioners for the Eid al-Adha celebration, *see* [ECF No. 1 at 7]. As a result, Plaintiff claims he and other Muslim inmates were served "sheppard [sic] stew; mash potatoes, baked beans [with] shredded cheese and one biscuit" on the holiday, which Plaintiff alleges does not adhere to the religious requirements for the celebration. *See* [ECF No. 1-1 at 7] (alterations added). He accepted cakes from the cafeteria instead. *See id.*

Plaintiff alleges that there was "no religious meal of an Islamic Halal standard" provided to the Islamic Muslim Community at Everglades Correctional Institution on June 7, 2025, and "no Islamic/Muslim citizen volunteer(s) were approved to enter into the facility to supervise and facilitate the festive Eid al-Adha celebration." *See id.* (alterations added). He adds that Chaplain Smith did not show up for work on the day of the celebration, leaving the practitioners without someone to lead the festivities. *See id.* Ultimately, Plaintiff alleges that the actions of Warden Rodgers and Chaplain Smith in banning the donations of Halal meals and failing to provide for an alternate Halal meal from the cafeteria "prohibited [him] from adhering to and following the Islamic [] religious rituals of [Eid al-Adha] through the holy Prophet's life traditions[.]" *See* [ECF No. 1 at 7] (alterations added).

Plaintiff sues both Warden Rodgers and Chaplain Smith in their individual and official capacities. *See* [ECF No. 1 at 1]; [ECF No. 1-1 at 1–2]. Plaintiff states that his claims are premised on § 1983 and RLUIPA for the violation of his free exercise rights. *See* [ECF No. 1 at 8]. As relief,

Plaintiff seeks compensatory damages of $10,000 against both Defendants; punitive damages of $10,000 against both Defendants; the costs of this suit; a declaratory judgment; and a preliminary and permanent injunction ordering Defendants to grant Plaintiff and the Muslim inmate community at Everglades Correctional Institution the free exercise and practice of their Islamic faith. *See id*. at 10.

Prior to service on Defendants, this Court conducted a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *See* [ECF No. 9]. Ultimately, Plaintiff was allowed to proceed on his own claims based on the First Amendment's free exercise clause and RLUIPA. *See id.* at 4–7. The Court struck Plaintiff's claims brought on behalf of "the Islamic Muslim inmate community at Everglades Correctional Institution" due to his *pro se* status. *See id.* at 7. In addition, the Court struck Plaintiff's claims for monetary relief against Defendants in their official capacities, finding that such claims were barred by Eleventh Amendment immunity. *See id.* at 8–9.

After being served with the Complaint, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* [ECF No. 20]. Plaintiff filed two briefs in opposition, *see* [ECF Nos. 24, 28], and Defendants filed a reply brief, *see* [ECF No. 26].

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10

(11th Cir. 2010). "[T]he pleadings are construed broadly[,]" *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold[.]" *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

**DISCUSSION**

**I. RLUIPA**

An analysis under RLUIPA involves balancing religious freedoms against government interests. The relevant section of RLUIPA provides in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). RLUIPA imposes an initial burden on a plaintiff "to prove that the challenged law, regulation, or practice substantially burdens his exercise of religion." *Knight v. Thompson*, 797 F.3d 934, 943 (11th Cir. 2015). After the plaintiff satisfies this burden, "the defendant bears the burden to prove that the challenged regulation is the least restrictive means of furthering a compelling governmental interest." *Id.* While RLUIPA protects "the religious observances of institutionalized persons," Congress expected that "courts entertaining RLUIPA challenges 'would accord due deference to the experience and expertise of prison and jail administrators.'" *Id.* (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 716–17 (2005)).

Defendants move to dismiss Plaintiff RLUIPA claim, arguing that he has not carried his initial burden of alleging a substantial burden on his exercise of religion because his allegations go to what was not provided to him rather than what he was compelled to do. *See* [ECF No. 20 at 5–7]. Defendants do concede, however, that Plaintiff has alleged that he holds a sincere religious belief that Eid al-Adha requires specific Halal food as part of its observance. *See id.* at 6. In response to the Motion to Dismiss, Plaintiff argues that Defendants' refusal of the donated Halal food and failure to provide a Halal entrée left him with the alternatives of violating his religious beliefs or not eating. *See* [ECF No. 28 at 3]. While Plaintiff argues that this amounted to a classic "Hobson's choice" of foregoing his religious beliefs or going hungry, his allegations pertain to one meal only. *See* [ECF No. 1 at 7], [ECF No. 1-1 at 7]. Moreover, Plaintiff acknowledges that two sheet pans of cake were provided by the cafeteria and accepted by the celebrants. *See* [ECF No. 1-1 at 7].

While it is clear that Plaintiff was disappointed that there was no traditional Islamic Halal entrée dish for the celebration, such a temporary and slight infraction on religious exercise is generally not considered a "substantial" burden. *Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 918 (11th Cir. 2015) (finding that the temporary deprivation of a religious artifact did not substantially burden the inmate's religious practice); *Rodriguez v. Bryson*, No. 5:17-CV-00010-MTT-CHW, 2019 WL 13193452, at *15 (M.D. Ga. July 10, 2019), report and recommendation adopted as modified, No. 5:17-CV-10 (MTT), 2019 WL 13193451 (M.D. Ga. Sept. 6, 2019), *aff'd sub nom. Rodriguez v. Burnside*, 38 F.4th 1324 (11th Cir. 2022) (holding that presenting a prisoner with the classic Hobson's choice between following his religious precepts by refusing to eat the meals and abandoning his beliefs by eating non-Halal meat on only two occasions several days apart does not impose a substantial burden). Accordingly, Plaintiff has not alleged facts sufficient

to show a substantial burden on his exercise of religion, and his RLUIPA claim is subject to dismissal.

**II. First Amendment**

"[T]he First Amendment's mandate that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof' has been made wholly applicable to the States by the Fourteenth Amendment." *Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 215 (1963). A free exercise claim under the First Amendment is similar to a RLUIPA claim, in that a plaintiff must allege "facts showing a substantial burden on a sincerely held religious belief." *Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019).

In the Motion to Dismiss, Defendants argue that Plaintiff fails to allege facts showing that, aside from being prevented from consuming donated Halal food on Eid al-Adha, he was denied the ability to observe the religious festivities in any other way. *See* [ECF No. 20 at 9]. As discussed above, denial of an entrée conforming to religious beliefs on a single occasion is not a substantial burden under RLUIPA. *See supra* Section I. The Supreme Court has explained that RLUIPA provides far more "expansive protection for religious liberty" than the First Amendment. *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) Therefore, "[i]f a claim fails under the RLUIPA—which embeds a heightened standard for government restrictions of the free exercise of religion—it necessarily fails under the First Amendment." *Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022). Therefore, Plaintiff's First Amendment claim is subject to dismissal.

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss [ECF No. 20] is **GRANTED.**

2. Plaintiff's Motion to Accept Opposition to Defendants' Motion to Dismiss as Timely Filed, or in the Alternative, for Leave to File Sur-Reply [ECF No. 32] is **GRANTED**; the Court considered Plaintiff's late-filed response to the Motion to Dismiss [ECF No. 28].
3. Plaintiff's Motion for Temporary Restraining Order [ECF No. 16] and Motion of Inquiry Regarding Defense Counsel [ECF No. 27] are **DENIED** as moot.
4. The Clerk is **DIRECTED** to close this civil action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:
Willie Frank Davis
865355
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194

Christopher John Whitelock
Whitelock & Associates
300 SE 13th Street
Fort Lauderdale, FL 33316-1154
954-463-2001
Fax: 463-0410
Email: cjw@whitelocklegal.com