**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-25389-CIV-GAYLES**

**WILLIE FRANK DAVIS, a/k/a/**
**FAHEEM HANEEF JIHAD**,

Plaintiff,

v.

**EVERGLADES CORRECTIONAL**
**INSTITUTION**, *et al.*

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** comes before this Court on *pro se* Plaintiff Willie Frank Davis's Motion for Leave to Appeal *in forma pauperis* ("IFP") [ECF No. 39] and Motion for Certificate of Appealability ("COA"), [ECF No. 40] (the "Motions"). Plaintiff seeks to appeal the Court's August 8, 2026 Order granting Defendants' Motion to Dismiss his civil rights Complaint. *See* [ECF Nos. 37, 40]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons stated below, the Motions are **DENIED**.

Concerning leave to appeal IFP, 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern applications to proceed with an appeal IFP. Under Rule 24(a), the party must attach an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[,]" Fed. R. App. P. 24(a)(1)(A); (2) "claims an entitlement to redress[,]" Fed. R. App. P. 24(a)(1)(B); and (3) "states the issues that the party intends to present on appeal[,]" Fed. R. App. P. 24(a)(1)(C). Even when a

party has been permitted to proceed IFP in the district court, the party may not appeal IFP if the district court "certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a) (providing that a party may not proceed on appeal IFP if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith. . . ."). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). However, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Here, the Court finds that Plaintiff's appeal is not taken in good faith because there are no non-frivolous issues to raise on appeal. In granting Defendants' Motion to Dismiss, the Court found that Plaintiff failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* [ECF No. 37 at 5–6] ("Plaintiff has not alleged facts sufficient to show a substantial burden on his exercise of religion, and his RLUIPA claim is subject to dismissal."). Moreover, although Plaintiff states "the issues that [he] intends to present on appeal[,]" as required by Fed. R. App. P. 24(a)(1)(C), *see* [ECF No. 39-1], he fails to submit a certified copy of his inmate trust fund account statement for the six-month period preceding the filing of his appeal, *see* § 1915(a)(2). Therefore, his Motion to Appeal IFP is denied.

Plaintiff's Motion for a COA is likewise denied: COAs "are only applicable in habeas proceedings." *Bacon v. Pittman*, No. 20-80176-CV, 2020 WL 7134173, at *1 n.1 (S.D. Fla. July 30, 2020). Because Plaintiff sued Defendants for violations of his constitutional rights under 42 U.S.C. § 1983, his request for a COA is unnecessary.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motions [ECF Nos. 39, 40] are **DENIED**. The case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:
Willie Frank Davis, a/k/a/ Faheem Haneef Jihad
865355
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE